## BRADY v. MALONE.

A party alleging error to his prejudice, must show it.

In the absence of any showing to the contrary, the presumption is, that there was sufficient evidence to authorize the judgment, and that all the proceedings were regular.

A court, in the exercise of its discretion, may grant a continuance, on account of the absence of counsel.

To show due diligence in an affidavit for a continuance, it is not sufficient to state generally, that such diligence has been used; but the affiant should specify what he has done, that the court may judge of the diligence.

What is, or is not, due diligence, is to be determined by the court, and not by the affiant.

Affidavits for a continuance, should be construed strictly, and most strongly against the applicant.

Where suit was commenced on a promissory note, prior to the June term, 1855, of the Lucas District Court, at which term, the defendant filed an affidavit for a continuance, on account of the absence of certain witnesses residing in Ohio, and the cause was accordingly continued, and where at a subsequent term, (but whether at the September term, 1855, or 1856, it is impossible to determine from the record,) the defendant filed a second application for a continuance, based upon an affidavit, which, after stating what he expected to prove by certain absent witnesses, alleged that his counsel was absent, without stating any cause of absence, or that such absence was unexpected to defendant; and that at the time of making the former affidavit, (on which the first continuance was obtained,) he was informed and believed, that both of the witnesses resided in Guernsey county, Ohio, but he soon thereafter learned, that one of them was still in California, and had not re-

Brady v. Malone.

turned to his home in Ohio, as he had been informed; that for about six weeks or two months of the time since the first continuance, his family was sick, so that he could not attend to his business; that since he learned that one of the witnesses was in California, he has endeavored, *by all means in his power*, considering the sickness of his family, to ascertain the place of residence of the witness, but had not been able to learn the same; *Held,* That the affidavit was insufficient, and the application for a continuance was properly overruled.

## *Appeal from the Lucas District Court.*

THIS action was commenced to recover the amount of a promissory note. Trial and judgment for plaintiff, and defendant appeals. The facts sufficiently appear in the opinion of the court.

*J. E. Neal,* for the appellant.

*Knapp & Caldwell,* for the appellee.

WRIGHT, C. J.—It is first objected, that the note sued on was not filed, and that there was therefore nothing to authorize the judgment. What is meant by this objection, is difficult to understand. A copy of the note was attached to the petition, and the record entry of judgment shows that the parties appeared, " and the cause and proceedings being fully heard and inspected, and all things touching the same, it is considered by the court, &c." It is true that the record does not show affirmatively, that the note was introduced in evidence. Neither is there anything to show whether it was or was not filed in court.

Nor is it necessary that these things should appear affirmatively. The party alleging error to his prejudice, must show it. We will not presume that the original note was not offered in evidence. In the absence of any showing to the contrary, the presumption is, that there was sufficient testimony to authorize the judgment, and that all the proceedings were regular.

The second position, that the original notice and petition, claim a less sum than that for which judgment was ren-

dered, is based most evidently upon a misconception of the record. They both claim a larger sum than that for which the plaintiff obtained judgment.

The third objection, and the one principally relied upon, is that the court erred in overruling defendant's application for a continuance. Without stopping to consider whether this court will revise the action of the District Court in refusing a continuance, it is sufficient to say, that we see no reason for doubting the correctness of the ruling made in the present case. When this suit was commenced, is not shown, except that it was prior to the June term, 1855, of the Lucas District Court. At that term, the defendant filed an affidavit for a continuance, on account of the absence of certain witnesses, residing in Guernsey county, Ohio. The cause was accordingly continued. At a subsequent term, (but whether at the September term, 1855 or 1856, it is impossible to say from the record,) he filed a second application, which was overruled; and it is this ruling of which he now complains. Two grounds are stated in the affidavit: the first being the absence of defendant's counsel; and the second, the absence of the same witnesses named in the former application. That a court may, in the exercise of its discretion, grant a continuance on account of the absence of counsel, we entertain no doubt; but when an application based upon this ground, is refused, we should require very strong circumstances indeed, manifesting a clear abuse of this discretion, before we would interfere with its exercise. In this case, no such abuse appears. Why the defendant's counsel was not present, is not shown. For ought that appears, he was purposely absent. It is not averred that he was sick, (as in *Shultze* v. *Moore*, 1 McLean, 334,) that he was kept away by any casualty or unforeseen circumstances, nor is any reason given for such absence. Neither is it shown, that such counsel had in his possession papers material or necessary to the defence. Under such circumstances, we cannot say that the application was improperly overruled. *McKay* v. *Marine Insurance Co.*, 2 Caines, 384.

The Code provides, that continuances shall not be granted,

for any cause growing out of the fault or negligence of the party applying therefor. Subject to this rule, however, continuances may be allowed for any cause which satisfies the court, that substantial justice will thereby be more nearly attained. When the motion is made on account of the absence of witnesses, it must be accompanied by an affidavit, showing among other things, that due diligence has been used to obtain such testimony. Sections 1765, 1766. To show such diligence, it is not sufficient to state generally, that due diligence has been used; but the affiant should set forth and specify what has been done, that the court may judge of the diligence. What is or is not, due diligence in the particular case, is to be determined by the court, and not by the affiant. Again: parties making their affidavits, have the facts peculiarly within their own knowledge, and are presumed to make their statements quite as favorable to their own views and interests, as the truth in the premises will warrant; and therefore, as a general rule, such affidavits should be construed strictly, and most strongly against the applicant. *Mason* v. *Anderson*, 3 Mon. 293; *Auras* v. *State*, 2 Litt. 233. Determining the case before us in view of the above rules, we think the motion for a continuance on account of the absence of witnesses, was properly overruled. The affidavit fails to show due diligence.

We have already stated, that it is impossible to say from the record, whether the application was made at the term in September, 1855 or 1856. The affidavit was sworn to, September, 1856; this may be a clerical mistake; but there are strong reasons for believing that this is the true time, while there are others, perhaps, quite as conclusive, that it was made in 1855. Under such circumstances, in view of the well recognized rule, that the court below is presumed to have decided correctly, we should adopt the ground that the application was made in 1856. Upon this hypothesis, then, it appears that in June, 1855, a continuance was granted this party, and fifteen months afterwards, he applies for a further continuance, to obtain the testimony of the same witnesses named in his first affidavit. To account for

his delay in not taking the depositions, he avers that for about six weeks or two months of the time, his family was sick, so that he could not attend to his business; and yet, no reason is shown why he did not, in the remaining thirteen months, take some steps to obtain their testimony.

But, if we adopt the position that this affidavit was made in 1855, how does the case stand? He states that at the time of making the former affidavit, he was informed and believed, that both of the witnesses resided in Guernsey county, Ohio, but that soon thereafter, he learned that one of them was still in California, and had not returned to his home in Ohio, as he had been informed; "and that since he learned that fact, he had endeavored, by all the means in his power, considering the sickness of his family, to ascertain the place of residence of said witness, in order to take his deposition in California, but has not been able to ascertain his residence." This is not sufficient. He should state what means he did make use of, so that the court might judge whether they were likely to be successful. To say that he used all the means within his power, is too vague and indefinite. As to the other witness, there is no pretence, but that he resided in Guernsey county, Ohio; and yet no steps were taken for obtaining his deposition, and no sufficient excuse shown for not doing so. It is true that the affidavit states that his family was sick, but this was for only about one-half the time intervening between the June and September terms, 1855; and if we even concede that during such sickness, he shows an inability to attend to the procuring of these depositions, he is without excuse, as far as we can see from this record, for the remaining portion of the time.

Judgment affirmed.