Thurston v. Cavenor.

## THURSTON v. CAVENOR.

It is entirely competent for a court to discharge the "next friend" of a minor, in whose name an action has been commenced, on his motion, and substitute another to carry on the suit.

In an affidavit for a continuance, on the ground of the absence of a witness, it is not sufficient to state that a party has used due diligence to obtain the testimony; but what has been done should be set forth in the affidavit, that the court may judge of the diligence.

Where an affidavit for a continuance, on the ground of the absence of a witness, stated that the witness is a resident of P. county, (the place of the trial); that he is now temporarily absent, but where he is, affiant does not know; that on a day named, (about a month before the commencement of the term), a subpœna was issued; that it was returned on the third day of the term, "not found;" that up to that time, affiant did not know but that said witness had returned, and had been served; and that affiant had used due diligence to obtain the attendance of said witness, &c.; *Held*, That the affidavit was insufficient.

Where it is assigned as error that the court allowed certain interrogatories to be propounded to a witness and answered, the material inquiry is, not whether an improper question was asked, but was improper and illegal testimony received by the answer; and unless the answer is disclosed by the record, it is unnecessary to inquire into the correctness or incorrectness of the questions themselves.

To maintain an action for a breach of promise to marry, the plaintiff is required to prove the defendant's promise, but not necessarily an express promise; and such promise may be shown by the unequivocal conduct of the parties, and by a general, yet definite and reciprocal understanding between them, their friends and relations, evinced and corroborated by their actions, that a marriage was to take place.

Where the defendant's promise to marry is once shown, it may then be proved that plaintiff demeaned herself as if she concurred in, and approved of, his promise, and thus establish the promise on her part; and for this purpose, her acts may be shown, whether the defendant was present or not, at the time of such conduct.

Where in an action for a breach of promise to marry, the court instructed the jury as follows: "That in determining the question, whether or not there was a promise by defendant to marry plaintiff, they must not take into consideration any declaration made by, or conduct of, the plaintiff, not in the presence of the defendant, (unless they amount to admissions of an engagement between them); that the evidence of plaintiff's declarations, and her conduct, not in the presence of the defendant, were only admitted to show, in the discretion of the jury, a promise or assent on her part, and should be considered by the jury for this purpose alone; and that they are not to be considered at all, unless they first find that there was a promise made by defendant to marry the plaintiff; *Held*, That the instruction tended more to the prejudice of the plaintiff than the defendant, and that he was not injured thereby.

*Appeal from the Polk District Court.*

SATURDAY, APRIL 9.

BREACH OF promise to marry. Judgment for the plaintiff, and the defendant appeals. The facts, material to an understanding of the questions decided, sufficiently appear from the opinion of the court.

*Cole & Jewett*, for the appellant, in relation to the overruling of the affidavit for a continuance, cited *Welsh* v. *Savery*, 4 Iowa, 241. Upon the other points made by them, they cited no authorities.

*Brown & Ellwood*, for the appellee.

I.—1. If the change in the title of the cause had been

made on plaintiff's motion, and if the same was error, the error is waived by defendant's answering in the case after the change was made, and going to trial on the merits, instead of resting on his motion for dismissing the cause. This principle, we think, is recognised in the following cases: *Cook* v. *Steuben Co. Bank*, 1 G. Greene, 447; *Taylor* v. *Galland et al.*, 3 Ib., 17; *Harmon* v. *Chandler*, 3 Iowa, 150; *Plummer* v. *Roads*, 4 Ib., 587; *Taylor* v. *Barber*, 2 G. Greene, 350. If the court is of the opinion that the doctrine settled in the foregoing cases does not apply, we will take another view of this point, and say: a change in the title of the cause makes a new case, in which defendant appeared and answered without service of notice.

2. Admitting, for the argument, that it was error to make the substitution of " next friend," still another answer to this, is: that it is not an error that can prejudice the defendant, and therefore the court will not disturb the verdict, and grant a new trial. *Granger* v. *Busick*, 3 G. Greene, 570; *De Peyster* v. *Columbian Ins. Co.*, 2 Caines, 85; *Potter* v. *Lansing*, 1 Johns., 222; *Dole* v. *Lyon*, 10 Ib., 451; *Duncan* v. *Duboys*, 3 Ib., 125; *Fleming* v. *Gilbert*, 3 Ib., 532; *Jackson* v. *Vanderson*, 5 Ib., 156.

II.—1. It was not error to overrule the application for continuance. Diligence is not shown by the application. It does not appear but that defendant knew that the witness was going away, and made no effort to get his deposition. Suppose a party knew his witness was going to be absent at the trial, and made no effort to take his deposition, is he entitled to a continuance in a case, by stating that a subpœna was issued and returned "not found?"

2. The fact that a subpœna had been issued, and returned " not found," is a fact to be shown by "the best evidence"—the subpœna, itself, with the return thereon attached to and made a part of the application. That subpœna might show many defects, and we have only the opinion of the witness on the question of law, as to whether it was a subpœna at all or not. Greenleaf on Evidence, sec. 82.

III.—1. There is no error shown by the record in the ruling of the court, in admitting the testimony. Every question asked the witnesses, Savery and Farner, was a proper question; and for authority on every question put, see 1 Parsons on Contracts, 545; 1 Chitty on Contracts, 537; *Southard* v. *Rexford*, 6 Cowen, 254.

· 2. There is not a single answer shown by the bill of exceptions; and, whatever the questions might be, error cannot affirmatively appear without the answers appear. The court is compelled to presume that the court · below acted properly, until the contrary appears, and consequently are bound to presume that all improper questions were answered in the negative. *Mays* v. *Deaver*, 1 Iowa, 216; *Lawson* v. *Campbell & Bro.*, 4 G. Greene, 413; 1 Ala., 519; *State* v. *Cowen*, 7 Iredell, 239; *Samuel* v. *Withers*, 9 Mass., 166; ·*Withington* v. *Young*, 4 Ib., 564. Again: the substantial ground of objection to a question must be stated at the trial, or it will not be heard in bank, if the party could have obviated the objection when properly made. *Jackson* v. *Cushman*, 4 Wend., 277, and cases there cited.

IV. There is no error in the instructions given the jury on plaintiff's motion, or in refusing to give defendant's instruction as it was asked, or in giving it as amended by the court. We do not deem it necessary to add anything in relation to the first three instructions appearing in the bill, for we consider them too strong against plaintiff, whether they are correct or not. If there is error, it must be against plaintiff, and not against defendant. The fourth instruction is: "When the contract is proved, the demeanor and deportment of plaintiff, being that of a betrothed woman, is held to be evidence of her promise of marriage." This instruction is also correct, and contains but a legal proposition. See 1 Parsons on Con., 545, and note; *Southard* v. *Rexford*, 6 Cowen's Reports, 254; *Wells* v. *Padgett*, 8 Barber, 323; Comyn on Con., 487, 489; *Whitman* v. *Coats*, 15 Mass., 1.

V. The instruction asked for by defendant was

Thurston v. Cavenor.

clearly wrong, without the modification given it by the court, and clearly right as modified and given by the court. Without the modification, it is substantially that plaintiff's declaration made, not in the presence of defendant, and her action, when not in his presence, were not evidence for any purpose. This is clearly error; but is modified by the court in such a manner as to convey to the mind of the jury the idea that plaintiff's declaration and her conduct, when not in the presence of defendant, may be given in evidence for the purpose of showing that plaintiff's affections were engaged to defendant, and was willing on her part to marry defendant. 1 Parsons on Contracts, 545 and note; *Whitman* v. *Coats*, 15 Mass., 1.

WRIGHT, C. J.—It seems that plaintiff was a minor, and sued by her next friend. This next friend moved to dismiss the cause, for the reason that he did not wish further to prosecute it. Based upon this motion, defendant also asked that the suit be dismissed. The motion of defendant was overruled, and (as the record states), " the application heretofore made by A. Newton, (the next friend), to be dismissed from this cause, came on for hearing; and, the court being advised in the premises, ordered that said application be granted, and that Kate Thurston have leave to substitute some other person as her next friend." An agreement was then filed, signed by a competent person, consenting to act as such next friend, and to become responsible for the costs. The name of this person was then directed to be substituted, and said cause ordered to proceed in accordance with such substitution, without prejudice to either party. The order of the court directing this substitution, and the refusal to sustain defendant's motion, are now assigned as error.

We are very clear that there was no error in this part of the case. It was entirely competent to discharge the "next friend," in whose name the suit was commenced, and substitute another. And if erroneous to thus substitute, it was

an error without prejudice to the rights of defendant, and he cannot therefore complain.

The second error relied upon is the over-ruling of defendant's motion for a continuance. The continuance was asked on account of the absence of a witness. The affidavit states that the witness is a resident of Polk county; that he is now temporarily absent, but where he is affiant does not know; that on a day named, (about a month before the commencement of the term), a subpœna was issued; that it was returned on the third day of the term, "not found;" and that, up to that time, affiant did not know but that said witness had returned, and had been served; "so affiant says that he has used due diligence to obtain the attendance of said witness," &c.

One conclusive objection to this affidavit is, that for aught that is shown, affiant knew of the intended departure or absence of the witness from the county, and took no steps to subpœna him, or to take his deposition. It seems that he was aware of his absence, for he says: "that he did not know but that said witness had returned." He should have shown, either that he was not aware of the intended absence of the witness, or that he left expecting to be back in time for the trial. And these things should not be left to inference. Nor is it sufficient to state, that a party has used diligence to obtain the testimony. What has been done should be set forth, that the court may judge of the diligence. *Brady* v. *Malone*, 4 Iowa, 146; *Widner* v. *Hunt*, Ib., 355; *Adams* v. *Peck*, Ib., 551.

Appellant next insists that there was error in allowing certain interrogatories to be propounded and answered. The record fails to show what answers were given to these interrogatories; and under the ruling made in *Mays* v. *Deaver*, 1 Iowa, 216, it becomes unnecessary to inquire into the correctness or incorrectness of the questions themselves. The material inquiry is not, whether an improper question was asked, but was improper and illegal testimony received by the answer. Until the answer is disclosed, this cannot be known.

Thurston v. Cavenor.

The defendant asked the court to instruct the jury as follows, which instruction was refused as asked, but given with the qualification as shown by the words inclosed in brackets: "That in determining the question as to whether or not there was a promise by defendant to marry plaintiff, they must not take into consideration any declarations made by, or conduct of, the plaintiff, not in the presence of defendant, (unless they amount to admissions of an engagement between them); that the evidence of plaintiff's declarations, and her conduct, not in the presence of defendant, were only admitted to show, in the discretion of the jury, a promise or assent on her part, and should be considered by the jury for this purpose alone; and that they are not to be considered at all, unless they first find that there was a promise made by defendant to marry plaintiff."

It is somewhat difficult to perceive the precise object or purpose of the qualification, as it is termed, added by the court. The objection to it, if any, is, that it might possibly tend to mislead the jury; and if so, it occurs to us that it would, in this respect, be to the plaintiff's, and not to the defendant's, prejudice. A contract of this kind, like all others, must be reciprocal and mutually obligatory upon the parties. To maintain the action, plaintiff is required to prove the defendant's promise. Not necessarily an express promise, it is true; for it may be shown, also, by the unequivocal conduct of the parties, and by a general, yet definite and reciprocal understanding between them, their friends and relations, evinced and corroborated by their actions, that a marriage was to take place. Chitty on Con., 536; *Daniel* v. *Bowles*, 3 C. & P., 553; 1 Blackstone Com., 433. Where the defendant's promise is once shown, then it may be proved that plaintiff demeaned herself as if she concurred in, and approved of, his promise, and thus establish the promise on her part; and this, whether the defendant is present or not at the time of such conduct. *Southard* v. *Rexford*, 6 Cow., 254; *Wightman* v. *Coats*, 15 Mass., 1; Chitty on Con., *supra.*

VOL. VIII.—21

This instruction recognizes these rules, and under one construction, might reasonably mean, that after his promise was proved, her concurrence in, and approval thereof, could be shown by no declarations or conduct of hers, unless they amounted to admissions of an engagement between them. If it was thus understood, then it was manifest to the plaintiff's prejudice, for after proof of his promise, her conduct and declarations might be proved, though they might not amount to an admission of an engagement. If, on the other hand, it be claimed that the true construction is, that in determining whether he had promised, the jury could not consider any conduct or declarations of hers, unless they amounted to admissions of an engagement between them, and that if they did amount to such an admission, they could be received to prove his promise—we say, if this is the claim, then it may be answered that other instructions clearly show that this was not the intention, and that it is not probable that the jury so understood it. In the first place, the latter part of the instruction itself negatives such a construction; for the jury are given to understand that her declarations, though amounting to such an admission, are not to be received except for the purpose of proving her promise, and they are not to be considered, unless there was a promise made by defendant. Not only so, but the jury are elsewhere told that the promise of defendant to marry plaintiff, being shown by direct or circumstantial evidence, then the demeanor and deportment of plaintiff may be given in evidence to prove her promise; and that a promise may be inferred from defendant's visits, and his declarations that he promised to marry her. From these and other instructions, we think it reasonably manifest that the jury could not have understood the instruction complained of, as appellant insists they did. The fair deduction from all that was said to them is, that they were first to find that defendant made the promise, and that if they did not find this promise proved, that was an end of the case; but that if they found this fact, her conduct, declarations and deportment might be considered,

for the purpose of ascertaining whether she concurred in, or reciprocated his promise, but not for the purpose of proving the promise of defendant.

Other errors are assigned, but not argued. The foregoing considerations cover the substance of the case, and the judgment is therefore affirmed.