FISKE & ELLIOTT V. BERRYHILL & McCLURE.

1. CONTINUANCE. Where an application for a continuance on the ground that a material witness was absent, showed that the witness had been in the place at which the court was held, until a time within a few weeks before the application was made, and that the party making the application believed he would remain there during the term, but did not show that any steps were taken to enforce his attendance, it was held, that the showing was insufficient to authorize a continuance, and the application was properly overruled.
2. PRESUMPTIONS. There are no presumptions in favor of an affidavit supporting an application for a continuance.

*Appeal from Johnson District Court.*

THURSDAY, DECEMBER 22.

THIS action was commenced in February, 1858. The issues were fully made up, but at the first term, by agreement of defendants, plaintiffs had judgment for the full amount of their claim. At the same term, on application of defendants, this judgment was set aside. In June, 1859, they moved for a continuance of the cause, on account of the absence of a material witness. This motion was overruled and from this ruling they appeal.

*Clarke & Davis*, for the appellants.

*Edmunds & Ransom*, for the appellees.

WRIGHT, C. J.—We are not prepared to say that there was error in this ruling. Without examining other defects pointed out to the affidavit, it will be sufficient to advert to one.

The law requires that the affidavit shall show that due diligence has been used to obtain the testimony. To comply with this requirement, the appellants state that they had every reason to believe that said witness would remain at the place where court was held during the term, and that they only learned of his absence a few days ago and that since said time, (to-wit, May 14th,) they have used every exertion to ascertain the residence of the witness, and though he has inquired of divers persons, he has been wholly unable to find out anything in regard to him, other than that he had left Iowa City, and as appellants believe, is out of the State; that they were not aware of the absence of said witness, nor had they any intimation of his proposed departure in time to take his deposition, and that they had no knowledge of his residence.

The fatal objection to the affidavit is, that defendants, instead of doing that which would entitle them to compel the attendance of the witness, relied upon their belief that he would remain and attend court without subpœna. The showing would be insufficient if the witness had not left, for the reason that it fails to state that anything had been done to secure his attendance, or to give any valid excuse for not taking such steps. A party can not rely upon his belief, or supposition that a witness will remain in a town during the session of court, take no steps to secure his attendance, and then obtain a continuance if he finds that he has been mistaken. The law gives him the means of compelling the attendance of witnesses and he must employ these means, or present a sufficient excuse for not doing so.

In this case, it is not shown that the witness was a resident of Iowa City, prior to the time of his departure. For aught that appears he was a non-resident, being in the city on business, or temporarily. And when it is remembered that no presumption will be indulged in to strengthen the affidavit, the prior residence of the witness becomes quite material. If a non-resident then he should be held to more care and diligence to procure his testimony by deposition or otherwise, than of a resident, who was not likely to leave.

On this subject, see *Brady* v. *Malone*, 4 Iowa, 149; *Widner* v. *Hunt*, Ib. 356. There was no error in overruling the motion.

Judgment affirmed.