## NORTHERN DEPARTMENT—EASTERN DIVISION. MARCH TERM, 1896.

CHARLES KENNEDY v. SARAH M. RODGERS.

No. 87.

1. PROMISE TO MARRY—*Action for Breach—Evidence.* In an action for breach of promise of marriage, it is not necessary that there be direct and positive evidence of the marriage contract sufficient in itself to make proof of the same. The relations of the parties and the circumstances surrounding them are proper matters to be considered and given weight in determining that question.

2. ———— *Refusal to Perform—Action for Damages.* A positive refusal to perform a contract to marry, even if made before the time for the performance, is such a breach of the contract as will authorize an immediate action for damages.

3. ———— *Measure of Damages.* Such action as to the measure of damages is classed with torts, and the same rules should be applied as govern in actions sounding in tort. Certain damages are presumed, without being specially alleged, to be the natural and necessary consequences of the breach of a marriage contract; and the amount to be recovered is left largely to the good judgment and intelligence of the jury.

4. DEFENDANT'S PURSE—*Proper Inquiry.* The financial circumstances of the defendant are a proper subject of inquiry in such case, as tending to show the plaintiff's reasonable expectations of worldly advantage from the intended marriage.

MEMORANDUM.—Error from Shawnee circuit court; J. B. JOHNSON, judge. Action by Sarah M. Rodgers against Charles Kennedy to recover damages for breach of promise of marriage. Judgment for plaintiff for $2,000. Defendant brings the case to this court. Affirmed. The facts are stated in the opinion, filed March 7, 1896.

*Safford & Curtis*, and *Gephart & Schaeffer*, for plaintiff in error.

*S. B. Isenhart*, for defendant in error.

The opinion of the court was delivered by

GARVER, J.: This was an action brought by the defendant in error, as plaintiff, to recover damages from the plaintiff in error, as defendant, for breach of promise of marriage. The defendant denied the making of the contract. There was a verdict and judgment in favor of the plaintiff for $2,000. Various errors are assigned for a reversal of the judgment. It is contended by the plaintiff in error that the evidence was not sufficient to show that a contract of marriage was ever entered into ; that there was entire failure to prove any substantial damages ; that the court erred in its instructions to the jury upon the elements of damages ; and that the amount of damages allowed by the jury was excessive, and given under the influence of passion and prejudice.

The first complaint is of such a nature that it can receive but little consideration in an appellate court, unless the record shows an entire want of competent evidence to sustain the verdict. We are free to admit that the evidence is not of a very satisfactory character to sustain the allegations of the petition. The plaintiff testified to the defendant's attentions to her for a period of five or six years, and that, in February, 1891, there was a formal engagement made for their marriage the following July ; that an engagement ring was at that time presented by the defendant to her and accepted, and that thereafter she made preparations for her marriage with the defendant at the time named. The defendant admitted his acquaintance

with the plaintiff, and, to a certain extent, his attentions to her and the giving of the ring, but emphatically denied any promise or agreement to marry, or that any such matter was seriously talked of or considered between them. Some trivial facts and circumstances were shown tending to corroborate the story of each party ; but, in the main, the case turned upon the assertions of the plaintiff and the denials of the defendant. At the time of the claimed contract the plaintiff was about 25 and the defendant about 50 years of age. We think there was sufficient testimony upon which the jury might conclude that there was a mutual agreement and understanding between the plaintiff and the defendant that they would be married in July, 1891, or at least within a reasonable time after the agreement was made. As the trial court approved the verdict rendered on conflicting evidence, we will not disturb it. It is not necessary in this class of cases to show, by express words, the intention of the parties to contract the marriage relation. There must, of course, be an offer and an acceptance — a mutual contract entered into — but no particular form of words is essential to show such offer and acceptance. It is sufficient that the relations of the parties and the circumstances surrounding them, as shown by the evidence, were such that it might be fairly inferred by the jury that the minds of the parties met upon that proposition. (*Johnson v. Leggett*, 28 Kan. 590 ; *Homan v. Earle*, 53 N. Y. 267 ; *Blackburn v. Mann*, 85 Ill. 222 ; *Thurston v. Cavenior*, 8 Iowa, 155 ; *Coil v. Wallace*, 24 N. J. L. 291.)

As to the breach of the contract, there is practically no dispute. The plaintiff testified that on the return of the defendant from Oklahoma, in July, he informed her that he would not marry her. This action was

immediately commenced, on July 29, 1891. It is well settled that a positive refusal to perform a contract of this kind, even if made before the time fixed for its performance, constitutes such a breach of the contract as will authorize an immediate action therefor. (*Kurtz v. Frank*, 76 Ind. 594; *Haloway v. Griffith*, 32 Iowa, 409; *Burtis v. Thompson*, 42 N. Y. 246.)

The principal complaint on the part of the plaintiff in error is upon the question of damages. The petition alleged the contract, the breach, the financial circumstances of the defendant, and the resulting damage to the plaintiff in the sum of $5,000. Under such a general allegation damages may be allowed for all injuries which the law presumes are the natural and necessary results of the breach of the contract. It is not necessary, in pleading, to state the formal description of damages which are implied by law. While this is an action arising out of contract, it is, as to the measure of damages, classed with torts; and the rules applicable to the recovery of damages in an action for tort must be looked to, rather than the ordinary rules which govern an action on contract. Judged by this rule, the allegations of the petition were specific enough to authorize the recovery of all such damages as naturally and necessarily follow from the breach of such a contract. (*Harrison v. Swift*, 13 Allen, 144; *Kelley v. Riley*, 106 Mass. 339; *Thorn v. Knapp*, 42 N. Y. 474.) As in most actions founded in tort, so in an action for a breach of a promise of marriage, there is no rule by which damages can be accurately and definitely computed. The several matters which may properly be considered in estimating damages are ordinarily of such a nature that it would be extremely difficult, if not impossible, to attempt by direct evidence materially to aid the jury in placing

a money value upon them.   Being placed in posses-
sion of the facts and circumstances of the case, it must
be left largely to the good judgment and intelligence
of the jury, whose province it is to say what amount
should be allowed as proper compensation for the loss
which the plaintiff has sustained by reason of the de-
fendant's failure to comply with his promise.   Under
the general allegation of damages, the plaintiff may
recover not only an indemnity for pecuniary loss and
the disappointment of her reasonable expectations of
an advantageous settlement in life, but also compen-
sation for injury to her feelings and affections and
mortification which she had been made to undergo,
and the harm that may have been done to her pros-
pects in life. (*Reed v. Clark*, 47 Cal. 194; *Royal v. Smith*,
40 Iowa, 615; *Grant v. Wiley*, 101 Mass. 339; *Bennett
v. Beam*, 42 Mich. 346; *Fidler v. McKinley*, 21 Ill. 308.)

In the case last cited it is said:

"In cases of this character it is almost impossible
to lay down any rule by which the measure of the
damages can be fixed with any degree of precision.
There is no scale by which such damages can be grad-
uated with certainty.   They admit of no other test than
the intelligence of the jury, governed by a sense of jus-
tice.   Such injuries are accompanied by facts and cir-
cumstances affording no definite standard by which
such wrongs can be measured, and, from the necessity
of the case, must be judged of and appreciated by the
view that may be taken of them by impartial jurors.
To the jury, therefore, as a favorite tribunal, is com-
mitted the exclusive task of examining these facts
and circumstances and valuing the injury and award-
ing compensation in the shape of damages.   The law
conferring upon them this power and exacting of
them the performance of the trust favors the pre-
sumption that they are governed by pure motives.
It therefore makes every allowance for the difference
of disposition, capacity, views, and even frailties, in-

cident to the examination of such matters of fact, when no criterion can be supplied; and not till the result of the deliberation of the jury shocks the understanding, and leaves no doubt of their prejudice or passion, will courts find themselves compelled to interpose. The moral worth of the parties, their social position and standing in the community, and a great variety of other circumstances and facts, must necessarily be, and generally are, considered by the jury in estimating the damages in this and all other actions sounding in damages. And in cases of this nature the jury must be left to exercise a large discretion in awarding damages, and courts have rarely felt themselves called upon to disturb their verdicts, and then only where it is apparent from the great disproportion between the offense and the finding that the jury acted under prejudice, partiality, or gross ignorance or disregard of their duty.''

A marriage engagement is not a mere matter of sentiment, and may properly be considered as in one sense a business transaction entered into with a view, in part at least, to pecuniary advantage. Hence, it is proper in such a case to prove the financial circumstances of the defendant as tending to show the plaintiff's reasonable expectations of worldly advantage resulting from the intended marriage. (*Collins v. Mack*, 31 Ark. 685; *Reed v. Clark*, supra; *Wilbur v. Johnson*, 58 Mo. 600; *Royal v. Smith*, supra; *Bennett v. Beam*, supra.) The evidence tended to show that the defendant, a bachelor, with no one dependent upon him for support, was worth $9,000 or $10,000. We do not think it can be said, under the circumstances of this case, that the verdict for $2,000 must have been given by reason of influences other than a fair consideration of the evidence. The instructions of the court on the subject of damages, we think, were within the rules of law applicable to this case and the issues

fully and fairly submitted to the jury. Even if the instructions were subject to the criticism made upon them, any error in that respect would be unavailing to the plaintiff in error, for the reason that no exceptions thereto were saved.

Judgment will be affirmed.

All the Judges concurring.