# John J. Douglas

*v.*

# Dina Gausman.

1. New trial—*on ground of excessive damages.* In an action for breach of contract to marry, the jury are the sole judges of the amount that shall be awarded as damages. A new trial will not be granted on the ground that the damages are excessive, except when it is apparent that the jury have misunderstood the evidence, have been governed by passion or prejudice, or have acted with a reckless disregard of the evidence.

2. Damages, excessive—*breach of marriage contract.* In an action for breach of a contract to marry, where the proof showed the defendant to be worth about $25,000, a verdict assessing the plaintiff's damages at $3600 was held not excessive.

3. Evidence—*pecuniary circumstances of defendant.* Evidence of the pecuniary circumstances of the defendant is properly admissible in evidence on the trial of an action for a breach of a contract to marry. The married women's acts have not changed the rule in this respect.

4. And in such a suit it is not error to admit evidence of the pecuniary circumstances of defendant at the time of the engagement, as it tends to

show what he is worth at the time of the trial. He may show that he has sustained loss, if such be the fact, and thus show himself to be worth less.

5. MARRIED WOMEN. Since the passage of the several acts known as the "married woman's law," the husband is left to support his wife, so long as she remains with him and discharges her duties, as he was before. And the court are not prepared to hold, under the later enactment on the subject, that a wife may abandon her husband without his consent, for the purpose of acquiring earnings for her separate use, or that she may, without the consent of the husband, neglect or avoid the duties that the relation imposes on her, for such purpose.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. AMOS WATTS, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee sued appellant in the circuit court of Randolph county, to recover damages for a breach of contract to marry. The contract and its breach are not controverted, and appellee recovered a verdict for $3600, upon which judgment was rendered, after overruling a motion for a new trial.

It is urged that the damages are excessive. In such cases the jury are the sole judges of the amount that shall be awarded as damages. It is true, that the court will interfere when it is apparent that the jury have misunderstood the evidence, have been governed by passion or prejudice, or have acted with a reckless disregard of the evidence ; otherwise the court will not interfere. When the wealth of appellant is considered, we are not prepared to hold that the damages are excessive. The evidence shows that he was worth, at the time he entered into the contract, about $25,000, and he did not show that his fortune had been reduced by actual losses in business since that time. The amount of the verdict, as compared with his means, is not large—by no means sufficiently so to induce the belief that the jury acted improperly in finding the amount they did. We can not say the verdict

is excessive, and the judgment should not be reversed because the finding is too large.

It is next urged, that the court below erred in admitting evidence of the pecuniary circumstances of appellant. As it is a question for the jury to find and assess the damages in this character of cases, it is but reasonable that the pecuniary condition of the defendant should be permitted to go to the jury. Where a person is without means, or has but little, he should not be liable to the same amount of damages as if he were wealthy, nor would the loss to a woman be so great in the former as in the latter case. Whilst such contracts should not be regarded as mere matters of speculation, or made the means of oppression in the recovery of damages, still the woman, upon marriage, acquires the right to be supported according to the condition in life of her husband; and whilst marriage is not supposed to be merely for the purpose of bettering the pecuniary condition of the parties, yet that is a circumstance connected with the relation that should not be ignored, and no reason is perceived why the pecuniary condition of the defendant should not form an element entering into the assessment of damages.

In the case of *Morton* v. *Fenn*, 3 Douglass, 211 (26 Eng. Com. L. R. 80,) it was proved on the trial that the defendant was a man of wealth, and no exceptions were taken to the evidence. In the case of *Sprague* v. *Craig*, 51 Ill. 288, the evidence as to defendant's wealth was not objected to, and its correctness was recognized by this court. We have been unable to find any case holding such evidence as incompetent, nor have counsel referred us to any such authority. It is believed that the profession have regarded it as competent evidence in the courts of our State.

Nor can we see that the act usually denominated as the "married woman's law," has in the slightest degree changed the liability of a man for damages in such a case. That law has greatly enlarged the rights of married women, but has not, perhaps with few exceptions, relieved the husbands from any

of their marital duties. He is left to support his wife so long as she remains with him and discharges her duties, and is liable, as before, for her support. Nor are we prepared to hold, under the latter enactment on the subject, that a wife may abandon her husband, without his consent, for the purpose of acquiring earnings for her separate use. or that she may, without the consent of her husband, neglect or avoid the duties that the relation imposes upon her, for such purpose. But be that as it may, we fail to see that these acts in any way affect the measure of damages in such a case.

It also follows that the instruction asked by appellant that the jury should disregard the evidence as to his pecuniary means, was properly refused by the court.

It is next urged, that the court erred in admitting evidence of appellant's circumstances at the time of the engagement. We are unable to perceive any objection to this evidence. It tended to show what he was worth. If it was over-estimated, or if he had sustained losses, he could have shown the fact. As he failed to show what he was worth at the time of the trial, either by himself, when on the stand, or by other witnesses, the jury were warranted in believing that he was worth that sum, or more, at the time of the trial. He could have readily shown that he had suffered losses, if any had occurred, if by that means he had become worth less than the sum fixed by the witness.

From a careful examination of the entire record, we are unable to perceive any error for which the judgment of the circuit court should be reversed, and it is therefore affirmed.

*Judgment affirmed.*