## CHARLESTON.

### DENT v. PICKENS.

Submitted June 12, 1890.—Decided November 28, 1890.

1. BREACH OF PROMISE OF MARRIAGE—EVIDENCE.

   In an action for breach of marriage promise, testimony that the defendant after engaging himself to the plaintiff seduced her, may be given in evidence as proof of a violation of the engagement, whether specifically averred in the declaration or not.

2. BREACH OF PROMISE OF MARRIAGE—EVIDENCE.

In such an action, evidence of the pecuniary circumstances of the defendant when the breach occurred, or during the time when he might reasonably have been expected to fulfill his engagement, is admissible.

3. BREACH OF PROMISE OF MARRIAGE—EVIDENCE.

No evidence of any fact having a tendency to aggravate the damages, which has occurred since the commencement of the action, should, as a general rule, be admitted.

4. BREACH OF PROMISE OF MARRIAGE—EVIDENCE.

Where illegal evidence is admitted against the objection of a party, it will be cause for setting aside the verdict, unless it clearly appear that the objecting party was not prejudiced thereby.

*J. J. Davis, J. Bassell* and *Dayton & Dayton* for appellant cited :

2 Greenl. Ev. §§ 253, 256 ; 48 Ind. 562 ; 37 Wis. 46 ; 11 Pa. St. 321 ; 75 Ind. 417 ; 2 Pa. St. 80 ; 3 Bibb 341 ; 1 R. I. 493 ; 32 W. Va. 45 ; 30 N. Y. 285 ; 31 Ark. 685 ; 2 Am. & Eng. Ency. Law 527 ; 1 Camp. 460 ; 31 Barb. 273 ; 24 Pa. St. 408.

*J. H. Woods* and *S. V. Woods* for appellee cited :

2 Chitt. Pl. 322 ; 1 Rob. Forms 520 ; 4 Min. Inst. P't. II, 1399 ; 18 W. Va. 1 ; 3 Suth. Dam. 316, 317, 323, 326 ; 3 Am. Rep. 147 ; Acts 1882, c. 120, s. 6 ; 48 Ind. 562 ; 2 Par. Cont. 70 ; 102 Mass. 395 ; 33 Md. 288 ; 30 N. Y. 285 ; 10 N. W. Rep. 598 ; 9 S. W. Rep. 788 ; 4 N. W. Rep. 8 ; 8 Am. Rep. 336 ; 22 W. Va. 253 ; 32 W. Va. 41 ; 40 Am. Rep. 275 ; Sedg. Dam. 544 ; 33 Gratt. 725 ; 40 Ia. 615 ; 13 Allen 144 ; 4 Min. Inst. P't I, 291, 292 ; 7 Cow. 22 ; 1 Johns. Cas. 16 ; 22 W. Va. 764 ; 15 W. Va. 804.

LUCAS, PRESIDENT :

This was an action of *assumpsit* for breach of marriage promise brought by the plaintiff in the Circuit Court of Barbour county. The jury found for the plaintiff, and awarded her damages to the amount of ten thousand dollars. The defendant moved to set aside the verdict and for a new trial, but the court overruled his motion and gave judgment against him in accordance with the finding of the jury. Nine bills of exceptions were reserved during the

trial, involving sundry interesting questions of law, which we will now proceed to consider.

The first assignment of error in this case is that the Circuit Court overruled the demurrer to the declaration. No defect in the declaration, which seems to be in the usual form, has been pointed out in the petition or brief of counsel, and I see no valid objection to its sufficiency.

The second objection to the action of the Circuit Court, which I shall notice, is the admission of evidence proving the seduction of the plaintiff by the defendant, nothing of the kind having been alleged in the declaration. Upon the question, that in an action for breach of promise seduction, when averred in the declaration, may be proved, this Court has already decided. *McKinsey* v. *Squires*, 32 W. Va. 41 (9 S. E. Rep. 55). In that case, however, the seduction was distinctly averred in the complaint. The more difficult question is whether such proof can be admitted, where there has been no such averment. Upon this question there is a conflict of authorities. Those who hold such averment a necessary prerequisite go upon the well-settled doctrine that two causes of action can not be combined and prosecuted in one suit, and that any special circumstance in aggravation of damages should be alleged in the declaration. The other and weightier class of authorities proceed upon the idea, that, when a contract for future marriage has been entered into, the relation between the parties is in the nature of a trust, and that the seduction of the female, while thus engaged, is in itself a breach of the promise of marriage, which is held to embrace on obligation and undertaking to protect and respect until the marriage is lawfully consummated; hence the evidence of seduction is admitted (whether directly averred or not in the declaration) as proof of the violation of his promise by the defendant. See 3 Suth. Dam. pp. 316, 317; 2 Sedg. Dam. 147, and notes.

Various exceptions were taken upon the trial to the admission of certain testimony as to the pecuniary condition or wealth of the defendant. That offered upon this subject by the plaintiff all tended to prove the estate of the defendant at the time of his breach of promise, or during the time when he might reasonably have been expected to ful-

fill it.   Although some of it consisted of instruments exe-
cuted after suit was instituted, yet those instruments con-
tained · admissions by the defendant, who executed them,
throwing light upon his pecuniary condition during the
period named and before suit.   Such testimony is admissi-
ble for the purpose of showing the loss which the plaintiff
has sustained by the non-fulfillment of the contract.   The
jury should take into consideration the rank and condition
of the parties, and the pecuniary standing of the defendant,
as tending to illustrate the advantage which the plaintiff
would have secured by the marriage.  See *Riddle* v. *McGin-
nis*, 22 W. Va. 253; 3 Suth. Dam. 323 ; *Clem* v. *Holmes*,·33
Gratt. 726.   The general rule, however, in all such cases, is
that no evidence can be given of any fact having a tendency
to aggravate or diminish the damages, which has occurred
after the commencement of the suit.  This rule would prop-
erly· preclude evidence of the defendant's pecuniary con-
dition at the time of trial, unless followed up by testimony
connecting it with his previous circumstances.  Hence there
was no error in excluding such evidence from the jury.

Neither did the court err in admitting evidence of plain-
tiff's good character, because the defendant had previously
introduced certain letters, and marked, and examined the
plaintiff upon certain passages thereof,· intended to cast a
cloud upon her character ; and character, when attacked,
can always be sustained by reputation, and seldom in any
other way.   The rule, that nothing is admissible in aggra-
vation of damages occurring after suit commenced, as laid
down by Mr. Sedgwick (2 Sedg. Dam. 150) is subject to
the exception, that the nature of the defence at the trial
may in certain instances aggravate the damages.   3 Suth.
Dam. 320.   But I know of no exception to the rule that
would render admissible the evidence excepted to by the
defendant, as set out in his eighth bill of exceptions.   The
court permitted the plaintiff to introduce a witness, who in
reply to the question whether the defendant was married
or not answered:  "I heard he was married since this suit
was brought. "   This testimony was objected to, and should
have been excluded as objectionable in a double aspect:
*First*, it was hearsay; and, *secondly*, it was a violation of

the rule laid down above. Another witness was allowed to testify that the defendant "was reported to be married to Miss Minnie Coburn." Now, Miss Coburn's name figures to a considerable extent in the correspondence between plaintiff and defendant as introduced on the trial, and this evidence, embraced in the eighth bill of exceptions, respecting the defendant's subsequent marriage, may have influenced the jury in estimating the damage as placing defendant's conduct in a more deceitful and unfavorable light. It is impossible for us to say, therefore, that the defendant may not have been injured by the failure to exclude this improper evidence, and on this ground the verdict must be set aside, and the judgment of the Circuit Court reversed. See *Taylor* v. *Railroad Co.*, 33 W. Va. 40 (10 S. E. Rep. 29). Having reached this conclusion it is unnecessary, and would be improper, to pass on the question as to whether the damages awarded were excessive.

REVERSED.