WARDER, BUSHNELL & GLESSNER COMPANY, Respondent, vs.
ANGELL and another, Appellants.

*March 25 — April 12, 1898.*

*Account stated: Appeal: Verdict sustained: Harmless error.*

1. Where, in an action upon an account stated, the question whether
   there was an account stated was submitted to the jury and was
   found by them in the affirmative, and the plaintiff's recovery was
   wholly based thereon, *held,* that the admission of evidence of an
   open account from which the statement was made up, if error at
   all, was not prejudicial, nor ground for reversal.
2. The refusal of the trial court to set aside a verdict for want of evi-
   dence and grant a new trial will not be disturbed on appeal if
   there was credible evidence to support such verdict.

APPEAL from a judgment of the circuit court for Winne-
bago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action to recover on five causes of action, only one of
which was contested, that being for $441.78 on an account
stated, for goods sold and delivered to the defendants. The
answer admitted the delivery of the goods, but denied the
sale of them as alleged, and denied the settlement and state-
ment of the account. The answer further denied that there
was anything due on such cause of action. The jury found
specially that the parties made a settlement and statement
of the account between them before the commencement of
the action, as alleged, and that the amount agreed upon was
$441.78. Judgment was rendered on the verdict and defend-
ants appealed.

For the appellants there was a brief by *Freeman & Free-
man,* and oral argument by *James Freeman.* To the point
that an account stated changed the nature of the debt, and
evidence of an open account was inadmissible, they cited
*Shrewsbury v. Tufts,* 41 W. Va. 212, 224; *Tully v. Felton,*
177 Pa. St. 344; *Stenton v. Jerome,* 54 N. Y. 480; *Bass v.*

*Bass,* 8 Pick. 187; 2 Greenl. Ev. 128; *Lockwood v. Thorne,* 18 N. Y. 288, 299; *Holmes v. D' Camp,* 1 Johns. 36.

For the respondent there was a brief by *Thompson, Harshaw & Thompson,* and oral argument by *J. C. Thompson.*

MARSHALL, J.   The first contention is that the trial court erred in admitting evidence to prove an open account, the cause of action being on an account stated.   No particular evidence is pointed out in the brief of counsel as having been so improperly admitted, and we have not been able to discover any by an examination of the record.   But if such evidence was admitted, defendants were in no wise prejudiced, because the court submitted the case to the jury to find whether there was an account stated between the parties as alleged, and the recovery was on that ground solely. Therefore, if evidence to prove the existence of the indebtedness which was adjusted between the parties was unnecessarily introduced, if error at all, it was not prejudicial error; therefore no ground for a reversal of the judgment. R. S. 1878, sec. 2829; *Jackson v. State,* 91 Wis. 253; *Olson v. Solveson,* 71 Wis. 663.

It is further assigned as error that the evidence was not sufficient to warrant the finding of the jury that there was an account stated between the parties.   It does not appear to be advisable to discuss here so simple a matter as what the requisites of such an account are.   That was fully and clearly explained to the jury by the trial court, and though some exceptions were taken to the instructions, no such exceptions were argued in the brief, and an examination of the charge satisfies us that it is free from error.   There was considerable evidence on the question, certainly enough to form a legitimate basis for the finding made by the jury, so we are unable to say there was no credible evidence in support of it.   Hence the ruling of the trial court, refusing to

set the verdict aside on that ground and grant a new trial, cannot be disturbed.

The foregoing covers all the questions of sufficient importance to warrant any mention of them in this opinion.

*By the Court.*— Judgment affirmed.