HUMPHREY v. BROWN.

(Circuit Court, N. D. California.   September 19, 1898.)

No. 12,616.

1. BREACH OF PROMISE—EVIDENCE—WEALTH OF DEFENDANT.
    In an action for breach of promise of marriage, evidence of the general reputation of defendant for wealth is admissible on the question of damages, as showing the condition in life plaintiff would have attained by the marriage.

2. SAME—REPRESENTATIONS OF DEFENDANT.
    Representations made by defendant to plaintiff as to his wealth may be admissible in evidence as explaining the situation and acts and conduct of the parties towards each other.

Motion to Strike Out Portions of Amended Complaint.

Emmons & Emmons and Crandall & Bull, for plaintiff.
McNair & Somers, for defendant.

HAWLEY, District Judge (orally).   This is an action to recover damages for breach of promise of marriage.   The amended complaint alleges, among other things, that the defendant represented to plaintiff that he was "very rich, and worth over $1,000,000."   It is further alleged in the complaint "that the representations and statements of said defendant concerning his being very rich are, as plaintiff believes, not wholly false, and that defendant is and was at all the times herein mentioned  *  *  *  possessed in his own right of property of the value of about $250,000."   The defendant moves to strike out the averments relating to the wealth of the defendant, upon the ground that such matters are wholly irrelevant, immaterial, and inadmissible in evidence.   The general rule as to the admission of evidence in actions for breach of promise of marriage is to the effect that the plaintiff may introduce testimony of the defendant's general reputation for wealth, as a circumstance to be considered in estimating damages.   Reed v. Clark, 47 Cal. 194, 204;  Olson v. Solverson, 71 Wis. 663, 667, 38 N. W. 329;  McPherson v. Ryan, 59 Mich. 33, 41, 26

N. W. 321; Hunter v. Hatfield, 68 Ind. 416, 422; Douglas v. Gausman, 68 Ill. 170; Ortiz v. Navarro (Tex. Civ. App.) 30 S. W. 581; Allen v. Baker, 86 N. C. 91. This character of evidence is admissible, not for the purpose of proving the defendant's ability to pay damages, but as tending to show the condition in life which the plaintiff would have secured by a consummation of the marriage contract. Stratton v. Dole, 45 Neb. 472, 63 N. W. 875; Chellis v. Chapman, 125 N. Y. 215, 219, 26 N. E. 308; Dent v. Pickens, 34 W. Va. 241, 12 S. E. 698. The case of Kniffen v. McConnell, 30 N. Y. 285, 289, cited and relied upon by defendant in support of his motion, sustains the views above expressed. The court, after stating that, in ordinary causes of action for breach of contract, evidence of the pecuniary condition of defendant is inadmissible, and citing cases upon this point, said:

"But in the latter case it is said this rule does not apply, in action for breach of promise of marriage, where the amount of the defendant's property is material as going to show what should have been the station of the plaintiff in society if the promise had not been broken. Sedg. Dam. p. 544. His means might have relieved her from labor, or placed her in a condition of comfort and independence which she would not have otherwise enjoyed. The objection in this case was not to the mode of proof, but to the admissibility of that kind of evidence. It may be objectionable to particularize the defendant's property, and such evidence should be confined to general reputation as to the circumstances of the defendant. To that extent I think it admissible."

In addition to the reasons given in the authorities cited, I am of opinion, especially in the light of other averments in the complaint (not here necessary to mention), that any representations which the defendant may have made to the plaintiff concerning his wealth, whether true or false, would be admissible for the purpose of explaining the situation, surroundings, acts, conduct, and the relation of the parties towards each other at the time the marriage contract, if any, was made. Motion denied.