AUGUSTA VIERLING v. GEORGE J. BINDER, Appellant.

| | |
|---|---|
| 113 | 337 |
| 118 | 592 |
| 113 | 337 |
| 131 | 206 |
| 113 | 337 |
| 141 | 59 |
| 141 | 63 |
| 113 | 337 |
| 143 | 114 |

Breach of Promise Action: PHYSICAL EXAMINATION OF PLAINTIFF: Pleading. Where the defendant in an action for breach of marriage promise only pleads the diseased condition of plaintiff as tending to show that the contract was not made, it is not error to refuse to require plaintiff to submit to a physical examination, since the issue only relates to her condition at the time of the execution of the alleged contract.

EVIDENCE: Specific property owned by defendant. Evidence of the specific property owned by defendant is admissible in an action for breach of marriage promise.

Same. When the trial of an action for breach of marriage contract occurs shortly after the contract is alleged to have been made, evidence of property owned by defendant at the time of trial is admissible.

SAME: *Harmless error.* Where the evidence of the value of defendant's property at the time of trial for breach of marriage promise shows a less value than his representations of wealth at the time of making the contract, error in not limiting such evidence to the property owned at the time of the execution of the contract is harmless.

Pleading: MATTER OF DENIAL EXCUSE: *Confession and avoidance.* Where the defendant in an action for breach of marriage contract pleads the physical condition of the plaintiff as tending to show that the alleged contract was not made, and not to excuse performance, it cannot be considered for the latter purpose.

PLEA AND CHARGE. Where the defendant in an action for breach of marriage contract pleads the diseased condition of the plaintiff, on the question of the existence of the contract, and not in mitigation of the damages, and his instructions only request that evidence of such condition be considered in bar, he cannot object that the instructions do not authorize its consideration in mitigation of damages.

MITIGATION. Matter in mitigation of damages should be specially pleaded, and cannot be proven under a general denial.

*Appeal from Des Moines District Court.*—HON W. S. WITH-ROW, Judge.

WEDNESDAY, APRIL 10, 1901.

ACTION for breach of promise of marriage. Defendant denies generally and alleges special facts tending to show that he never agreed to marry the plaintiff. Verdict for plaintiff for $2,000. On defendant's motion for a new trial the court remitted a portion of the verdict, and rendered judgment for $1,300. Defendant appeals.—*Affirmed.*

*Dodge & Dodge* for appellant.

*Seerley & Clark* for appellee.

McCLAIN, J.—The parties became acquainted with each other by reason of defendant's advertisement through a matrimonial agency. After considerable correspondence, plaintiff agreed to go from Toledo, Ohio, where she resided,

to Burlington, Iowa, the place of defendant's residence, in order that defendant might become better acquainted with her, and in the mutual hope expressed on both sides that mar-riage would result if defendant should find himself satisfied to take the plaintiff as his wife. It is not claimed that there was any contract of marriage until after plaintiff reached Burlington, but plaintiff claims that on the second day after her arrival in Burlington (*i. e.* on June 21, 1898) defendant entered into a verbal contract to marry her, without specifi-cation as to the exact time for the marriage, and that again, on November 22, 1898, defendant agreed to marry plaintiff within two months from that date. For the purpose of explaining the relations between plaintiff and defendant at the time the alleged agreements were charged to have been made, and also to show that no such agreements to marry were entered into, defendant avers that, during the time he was paying attentions to plaintiff with a view of determining whether he would make her a proposal of marriage, he ascertained that she was afflicted with ovarian and other troubles which impaired and injured her health, and which would prevent her from becoming a desirable wife, and that he informed plaintiff that, because of her physical ailments and her characteristics and disposi-tion, he was satisfied that she would not make him a desirable wife, and that they should not become engaged, with the in-tention of future marriage.

I. Appellant claims that the trial court in an instruc-tion limited the jury to the consideration of the question whether or not the contract of marriage was made and brok-en, and directed them that this was the sole test of liability, and urges that the evidence of physical defects and poor health should have been considered as a defense to the action for breach of contract, even if such contract was shown to have been made. It is true, no doubt, that physical defects or disease which incapacitate the woman for the marriage state or for the birth of children, if unknown to the other

party to the contract at the time the contract was entered into, may be pleaded and proven in bar to an action for breach of the contract of marriage. *Gring v. Lerch,* 112 Pa. St. 244 (3 Atl. Rep. 841) ; *Goddard v. Westcott,* 82 Mich. 180 (46 N. W. Rep. 242). Likewise the incapacity or unfitness of the man for the marital relation, accruing after the making of the contract, without his fault, or unknown to him at the time the contract was made, may be shown. *Shackleford v. Hamilton,* 93 Ky. 80 (19 S. W. Rep. 5, 15 L. R. A. 831) ; *Gardner v. Arnett* (Ky.) 50 S. W. Rep., 840; *Allen v. Baker,* 86 N. C. 91; *Sanders v. Coleman,* 97 Va. 690 (34 S. E. 621). But the diseased condition of the plaintiff, which defendant sets up in this case, was alleged as bearing on the question whether defendant entered into any contract of marriage, and not as a bar to the action for breach of contract. Not until appellant asked instruction on this matter did it appear that he relied on any such defense. For this purpose the matter should have been pleaded by way of confession and avoidance, and it was not so pleaded. It may be true that, where evidence of matter which is clearly in bar has been received without objection, the court should treat the defense as having been pleaded, and instruct the jury on such issue; but where evidence has properly been admitted on the theory of the case presented by the pleadings, we know of no rule or practice which requires the court to instruct the jury as to the effect of such evidence with reference to an issue not raised by the pleadings. The court therefore properly limited the jury, in the consideraion of the evidence as to plaintiff's physical condition, to the question whether a contract of marriage was made, and properly refused to give instructions asked by defendant directing the jury to consider this evidence as tending to show that defendant was not liable for breach of the contract, if made. Certainly the court is justified in instructing the jury in accordance with the theory on which the case was tried, and does

not commit an error in refusing to present issues which might have been raised, and to which the evidence would have been pertinent, but which were not raised or considered in the trial of the case. Appellant seems to think that the evidence in question ought to have been considered by way of mitigation of damages, but he did not in his instructions, suggest that the evidence was to be considered in mitigation, but asked that it be treated as constituting a bar.

Moreover, the proper rule of pleading seems to be that even matter in mitigation should be specially pleaded as a partial defense, and cannot be proven under a general denial. Pomeroy, Remedies, section 695.

II. Appellant complains of the refusal of the court to sustain the motion made by him at the conclusion of his evidence asking that plaintiff be required to submit to a physical examination by physicians to be appointed by the court, for the purpose of determining whether her physical condition was such as to present an obstacle to marriage. Without discussing the question whether, if defendant had properly pleaded such defensive matter as a bar, such an examination could have been ordered, it is enough to say that the result of such an examination would have had no bearing on any issue in the case. The only question at issue involving plaintiff's physical condition related to the times when defendant's promises of marriage were alleged to have been made, and not to her condition at the time of the trial, as involving her fitness to marry. It is plain that the motion was with reference to this theory of the case; for defendant alleges in his motion that he "sets forth in his answer, as a part of his defense, that he could not become engaged to or marry the plaintiff since their first acquaintance, among other reasons, owing to her physical infirmities and disabilities," and the court overruled the motion on the ground that the cause of action was based upon a breach of contract. As bearing on the question as to whether defendant did promise to marry plaintiff, the evidence of

her physical condition was collateral only, and did not relate
to the matter immediately under investigation.   Certainly
a physical examination should be ordered only when it is
necessary to determine the existence of the very cause of
action or defense pleaded in the case.   Such an examination
is for the purpose of bringing before the jury, as nearly as
may be, the real evidence relating to the cause of action or
defense.   2 Jones, Evidence, section 397 *et seq.; Schroeder
v. Railroad Co.,* 47 Iowa, 375; *Hall v. Town of Manson,*
99 Iowa, 678, 711.   The question at issue in this case was
whether the contract had been made, and the physical con-
dition of the plaintiff was not real evidence with reference
to that question, even though it might bear collaterally
upon it.

III.   The defendant assigns as error the overruling of
his objection to the testimony of a witness who gave evidence
as to the specific pieces of real property owned by defendant,
and their value.   The contention is that, while evi-
dence of the defendant's reputation as to wealth is
admissible, it is not proper to show specifically what
property he had at the time of entering into the contract of
marriage.   There is an observation in *Kniffen v. McConnell,*
30 N. Y. 285, which seems to support appellant's view; but
this is made without citation of authority, and is out of har-
mony with the other decisions on the subject.   It is true that
evidence of general reputation is admissible.   *Chellis v.
Chapman,* 125 N. Y. 214 (26 N. E. Rep. 308, 11 L. R. A.
784); *Stratton v. Dole,* 45 Neb. 472 (63 N. W. Rep. 875).
But it seems to have been the common practice in such cases
to allow specific evidence of defendant's pecuniary circum-
stances to be introduced.   *Rime v. Rater,* 108 Iowa, 61;
*Sprague v. Craig,* 51 Ill. 288; *Douglas v. Gausmann,* 68 Ill.
170; *Clark v. Hodges,* 65 Vt. 273 (26 Atl. Rep. 726).   This
is in accordance with the general theory on which the jury
are allowed to take into account the defendant's financial
condition in such actions, to-wit, that plaintiff has lost a pe-

cuniary advantage by reason of breach of the contract which she would have had if the contract had been carried out. What plaintiff has lost in such cases is not merely marriage to a man reputed to be wealthy but marriage to a man who has actually the means to support her in such style as his reputation in this respect would justify. 3 Sutherland, Damages, section 98; *Holloway v. Griffith,* 32 Iowa, 409; *James v. Biddington,* 6 Car. & P. 589; *Coolidge v. Neat,* 129 Mass. 146; *Allen v. Baker,* 86 N. C. 91; *Bennett v. Beam,* 42 Mich. 346 (4 N. W. Rep. 8).

Appellant also objects that the evidence introduced related to his pecuniary condition at the time of the trial, and not at the time of the making of the promise, but the time to which the evidence related was not so remote from that at which the promise was claimed to have been made as to render it inadmissible on that theory. Defendant could have shown, if he saw fit, that this property was acquired after the making of the promise. *Dent v. Pickens,* 34 W. Va. 240 (12 S. E. Rep. 698). More than this, the evidence was without prejudice; for the total amount of defendant's property as testified to by the witness did not exceed the amount of defendant's wealth as stated by him in his correspondence with plaintiff prior to the alleged contract.

IV. Appellant assigns as error the refusal of the lower court to grant a new trial on account of the insufficiency of the evidence to support the verdict, but we find that there is a conflict in the evidence, and have no occasion to interfere with the result.—AFFIRMED.