Blanche McKee v. Banks Mouser, Appellant.

**Marriage contract:** PROOF: BREACH. To sustain an action for breach of marriage contract an acceptance of the offer of marriage need not be in express words, but may be implied from the acts and conduct of the parties.

**Same:** EVIDENCE. Evidence reviewed and held sufficient to constitute an acceptance of a marriage proposal.

**Same:** PREJUDICE. Where the other evidence was sufficient to establish a marriage contract, evidence of declarations concerning the engagement, if improperly admitted, was without prejudice.

**Evidence of marriage contract.** Where the plaintiff was relying on the renewal of a former marriage contract and defendant denied both the original contract and the renewal, it was competent to show the first engagement and the relation of the parties prior to plaintiff's dismissal in proof of the renewal at the time alleged.

**Same:** INSTRUCTIONS. Where the jury was plainly told that to support the action for breach of promise a mutual engagement must be shown, a further instruction that the jury should consider all the proven facts in determining whether at the time plaintiff claimed the engagement was made defendant promised to marry her, was not objectionable as permitting a recovery upon proof of the promise without showing an acceptance.

**Breach of promise:** DAMAGES. In determining the damage for the breach of a marriage contract the jury may consider both defendant's actual and reputed wealth.

*Appeal from Washington District Court.*— Hon. W. G. Clements, Judge.

TUESDAY, JULY 10, 1906.

SUIT to recover damages for breach of a contract of marriage. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Wilson & Wilson,* for appellant.

*S. W. & J. L. Brookhart,* for appellee.

SHERWIN, J.— The parties to this suit entered into a contract of marriage which was terminated by the plaintiff's dismissal of the defendant in December, 1901. She claims

1. MARRIAGE CONTRACT: proof: breach. that the contract was renewed in September, 1903, and that it was breached by the defendant's marriage to another in 1904. The appellant's most serious contention is that there is no evidence of a mutual promise at that time; that is, that no acceptance on the part of the plaintiff is shown. To sustain an action of this kind it is, of course, necessary to prove a mutual agreement, but the acceptance of an offer of marriage need not be in so many words. It may be implied from the acts of the parties and from the relations assumed by them at the time of and subsequent to the offer. *Robinson v. Craver,* 88 Iowa, 381.

The evidence shows that at the time of the September, 1903, meeting the differences which had arisen between them prior to the dismissal in 1901 were canvassed and disposed

2. SAME: evidence. of, and that a marriage in the near future was then suggested by the defendant. The culmination of this meeting is described thus by the plaintiff: " He said that we had had one of our good old times, and I said yes, I was glad. He said we had a clear understanding, and I said yes I was glad that everything was straightened

up, and there would be no more misunderstanding between us, and he said yes he was glad too, and he kissed me good-bye at the door." If this testimony of the plaintiff be true, and the jury evidently so found, it is entirely sufficient to prove a mutual promise at that time. He would be a dull suitor, indeed, who would require more or different evidence of an acceptance of his renewal of an offer of marriage, and we are not surprised that the jury found a mutual promise.

The court permitted the plaintiff to testify that she communicated to her mother the fact of her engagement to the defendant, and the ruling is questioned. There is a con-3. Same: preju- flict in the cases on this point, and we are not dice. entirely satisfied that such testimony is admissible, although this court has held that acts showing preparation for marriage are admissible to prove an acceptance on the part of the plaintiff, and the declarations of the party are held competent for the same purpose. See Robinson v. Craver, *supra,* and *Thurston v. Cavenor,* 8 Iowa, 155. Without deciding whether such declarations are admissible to prove an acceptance, we are clearly of opinion that no prejudice resulted to the defendant from the plaintiff's testimony because her other testimony clearly showed a promise on her part, and the alleged declaration to her mother, testified to by herself alone, neither strengthened nor made more manifest that fact.

The court also received evidence of the relation of the parties prior to the dismissal in December, 1901. There was no error in this. The plaintiff relied upon a renewal of 4. Evidence of a previous contract of marriage, and both the marriage con-tract. original contract and the renewal were denied by the appellant. It was therefore competent for the plaintiff to show the former engagement and the relation existing between them prior to September, 1903, for the purpose of proving the renewal alleged to have been made at that particular time. 3 Elliott on Evidence, sections 1869–1872.

Before the dismissal to which we have already referred, the defendant paid some attention to his present wife, as he claims, upon the request of the plaintiff, and he now urges

5. SAME: instruc-
tions.

that the plaintiff is estopped on account of such request. There is a conflict in the evidence touching this matter, but whichever may be right in relation thereto is of no consequence, for the plaintiff has no cause of action, unless there was a renewal of the engagement in September, 1903. Instruction 9 is criticised because the jury was told therein "that in determining the question whether or not about September, 1903, the defendant promised to marry plaintiff, you will consider all the facts and circumstances proven on the trial." It is said that it conveyed the idea that proof of a promise without an acceptance thereof would be sufficient to entitle the plaintiff to recover. Such could not have been the understanding of the jury, however, for in the seventh and eighth instructions the court distinctly told the jury that there must be a mutual engagement shown.

The instruction as to the measure of damages is said to be erroneous because it permitted double damages and the consideration of both the actual and reputed wealth of the

6. BREACH OF
PROMISE: dam-
ages.

defendant. The instruction did not permit double damages, and it is proper to consider both the actual and reputed wealth of the defendant. *Rime v. Rater,* 108 Iowa, 61; *Geiger v. Payne,* 102 Iowa, 581; *Royal v. Smith,* 40 Iowa, 615; *Vierling v. Binder,* 113 Iowa, 337.

We find no reversible error in the record, and the judgment must be and it is *affirmed.*