[No. 8128.   Department Two.   November 16, 1909.]

MILLIE FISHER, *Respondent*, v. O. E. KENYON, *Appellant*.[1]

BREACH OF MARRIAGE PROMISE—QUESTION FOR JURY. In an action for breach of promise of marriage, the question of the promise is for the jury, where the evidence is conflicting and the course of conduct strongly corroborates the plaintiff.

SAME—FINANCIAL ABILITY OF DEFENDANT—EVIDENCE—ADMISSIBILITY. In an action by a woman for a breach of promise of marriage which occurred but a few months before the action was commenced, evidence of the defendant's financial ability at the time of the trial is admissible.

SAME—DAMAGES—EXCESSIVE VERDICT. A verdict for $9,000 for breach of promise of marriage, reduced by the trial court to $6,000, is not excessive, where it appears that the parties were engaged for two years, that defendant induced the plaintiff to remove from Montana to this state where the wedding was to take place, that she was greatly humiliated, and the defendant admitted that .he was worth $25,000, and there was evidence that he was worth several times that amount.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 5, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for breach of promise.   Affirmed.

*James T. Lawler*, for appellant.

*H. A. P. Myers*, for respondent.

[1]Reported in 104 Pac. 1127.

MOUNT, J.—Respondent brought this action to recover damages for an alleged breach of promise of marriage. Upon a trial of the case to the court and a jury, a verdict was returned in her favor for $9,000. Upon defendant's motion for a new trial, the court required the plaintiff to remit $3,000 from the verdict, or submit to a new trial. This remission was made, and a judgment entered against defendant for $6,000. He appeals from that judgment.

He argues that the court erred in refusing a new trial, because (1) the evidence is not sufficient to sustain the verdict, and (2) the court allowed evidence of appellant's wealth at the time of the trial. He also argues that the judgment is excessive. There is abundant evidence of a contract of marriage in the record. While the defendant denied that there had ever been any such contract, the course of conduct of the parties, together with many circumstances in the case, strongly corroborates the testimony of the plaintiff. This question was therefore one properly for the jury, and the findings of the jury are conclusive here.

It is argued that the court erred in permitting the respondent to prove the wealth of the appellant at the time of the trial. The record shows that, at about the time the complaint was served, written interrogatories were propounded to the appellant, one of which was: "What is the reasonable value of your property?" Appellant answered: "Probably $25,000 would be a fair estimate." At the trial, which took place about six months later, the value of appellant's property at the time of the trial was again inquired into. The rule is stated in Sutherland on Damages, vol. 3 (3d ed.), § 988, as follows:

"The evidence of the defendant's financial ability must be limited to the time the breach occurred, or to such time as he might reasonably be expected to fulfill his contract; though where the trial of the action for the breach occurs soon after the contract was made, proof may be made of the property owned by the defendant at the time of the trial."

See, also, 2 Ency. Evidence, 750; *Vierling v. Binder*, 113

Iowa 337, 85 N. W. 621; *Douglas v. Gausman*, 68 Ill. 170; *McKee v. Mouser*, 131 Iowa 203, 108 N. W. 228. In this case the date of the breach is not alleged, but the evidence of the respondent shows that the final breach occurred but a few months before the action was begun. Evidence of the financial ability of the appellant at the time of the trial was therefore admissible. It no doubt tended to show such ability at the time of the breach, and, in the absence of evidence to the contrary, is most convincing that such ability was substantially the same as at the time of the breach. The court therefore did not err in this respect.

It is also argued that the judgment is excessive. The evidence shows that the parties were engaged to be married for about two years. The respondent, at the request of the appellant, removed from her home in Red Lodge, Montana, and came to Seattle in this state, where the wedding was to take place. She was greatly humiliated. The wealth of the appellant was admitted to be $25,000. There is evidence tending to show that he was worth several times that amount. Under these circumstances, and where the court and jury have seen and heard the parties, and a judgment has been fixed at an amount which does not appear to be unreasonable upon its face, we are not disposed to hold that it is excessive.

The judgment is therefore affirmed.

RUDKIN, C. J., CROW, DUNBAR, and PARKER, JJ., concur.