WILLIAM A. HENDRY, *Plaintiff in Error*, v. WILLIE E. ELLIS, *Defendant in Error*.

In a suit for breach of promise of marriage, it is erroneous to permit the plaintiff to introduce evidence of her seduction and of her subsequent delivery of a bastard child unless there is a special averment of these facts, and that the seduction and sexual intercourse were brought about and accomplished by the defendant under and by virtue of the contract of marriage.

This case was decided by Division B.

Writ of error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Treadwell & Treadwell,* for Plaintiff in Error;

*Thomas Palmer,* for Defendant in Error.

HOCKER, J.—The defendant in error, sued plaintiff in error in the Circuit Court of DeSoto County for breach of promise of marriage.

The declaration is as follows: "For that the plaintiff, the said Willie E. Ellis, and the defendant, the said William A. Hendry, on the 15th day of October, A. D. 1906, agreed to marry one another and a reasonable time for such marriage has elapsed, and the plaintiff has always been willing and ready to marry the defendant, yet the defendant has neglected and refused to marry the plaintiff, to the damage of plaintiff in the sum of $10,000.00. Whereupon she brings suit."

Pleas of not guilty, and two special pleas to the effect that the plaintiff had been guilty of illicit intercourse with other men, which was unknown to the defendant at the time of the promise to marry was made were filed. And on the trial, a verdict and judgment were given for the plaintiff. Among the errors assigned here are, that the court admitted evidence on the part of the plaintiff over the objection of defendant of the seduction by the defendant, and the birth of a bastard child; there being nothing alleged in the declaration to that effect.

The defendant in error has not favored us with a brief in support of the rulings of the trial court, but we have given the matter some investigation and we find that the courts are in irreconcilable conflict upon the question, whether it is necessary that the declaration should allege seduction and the birth of a bastard child as a predicate for the introduction of evidence of these facts.

In West Virginia and New Jersey, it is held that such evidence may be given in aggravation of damages though nothing to that effect is alleged in the declaration. Dent v. Pickens, 34 W. Va. 240, 12 S. E. Rep. 698, 26 Am. St. Rep. 921 and note; Coil v. Wallace, 24 N. J. L. 291. On

the other hand several courts of high authority hold that evidence of seduction of the plaintiff by the defendant under the alleged promise of marriage, and of her subsequent delivery of a bastard child cannot be introduced, unless there is a special averment of these facts in the declaration. Tyler v. Salley, 82 Me. 128, 19 Alt. Rep. 107; Leavitt v. Cutler, 37 Wis. 46; Geiger v. Payne, 102 Iowa 581, 69 N. W. Rep. 554; 71 N. W. Rep. 571.

Of course it must be alleged and proven that the seduction and sexual intercourse *were brought about and accomplished by the defendant under and by virtue of the contract of marriage.* These facts must be shown, even in those States where it is not necessary to allege them in the declaration. 3 Sutherland on Dam. p. 316 *et seq.;* 5 Ency. Pl. & Pr. 744.

It seems to us that these decisions which require that seduction, sexual intercourse and the birth of a bastard were brought about by and as a result of the contract of marriage should be set up in the declaration are more in line with the principles of pleading followed in this State than those which do not require such allegations. When such facts are alleged in the declaration, the defendant is advised before trial of what he has to meet.

The rule in this State is that special damages, not the natural and usual result of the acts complained of should be alleged and proven. Ocala Foundry & Machine Works v. Lester, 49 Fla. 199, 38 South. Rep. 51; Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 South. Rep. 933; Moses v. Autuno, 56 Fla. 499, 47 South. Rep. 925.

It cannot be contended that seduction and the birth of a bastard child are the direct natural and usual result of the contract of marriage or the breach of it.

We think the trial judge erred in admitting the evidence of seduction of the plaintiff and the birth of a

bastard child, in the absence of any allegation of those facts in the declaration.

A charge to the jury was given by the judge based on the evidence of seduction and the birth of a bastard child. This was excepted to and of course erroneous from our view of the law.

Charge number six given by the judge was also excepted to and assigned as error. It seems to us this charge is objectionable as argumentative and somewhat too rhetorical as a statement of law. Of course the facts of the case present a deplorable social tragedy calculated to arouse the sensibilities of every right feeling man, but the trial judge should refrain from any statement which would have the effect of arousing the feelings of the jury. It is his duty to give the jury the law applicable to the evidence of the case and leave it to counsel to make proper and legitimate comments upon the evidence and the nature of the unfortunate affair.

The judgment is reversed.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.