WILLIAM A. HENDRY, *Plaintiff in Error,* v. WILLIE E. ELLIS, *Defendant in Error.*

Where in an action for damages for breach of promise to marry, the charge of the court cures possible errors in rulings upon pleas, and the court explicitly and sufficiently charges the jury that evidence received should be considered with reference only to the breach of promise to marry, and that the jury "cannot find or consider any damages or aggravation of any damages in the case based upon alleged seduction or any consequences therefrom" and that "no evidence introduced or admitted is admissible upon such an issue and was not so intended or allowed and should not prejudice you," and where no specific evidence as to seduction is properly excepted to and presented for review, and where the verdict does not appear to be excessive, and it appears from the whole record that the errors assigned could not reasonably have injuriously affected the substantial rights of the party complaining, the finding and judgment will not be disturbed on writ of error.

Appealed from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Treadwell & Treadwell,* for Plaintiff in Error;

No appearance for defendant in Error.

WHITFIELD, C. J.—A former judgment obtained herein was reversed, because evidence of seduction was introduced over objection when the declaration alleged merely a breach of promise to marry. Hendry v. Ellis, 61 Fla. 277, 54 South. Rep. 797, 33 L. R. A. (N. S.) 702.

The declaration was not amended and at the second trial letters were admitted in evidence that tended to show seduction as well as a breach of promise to marry, but as the objections made were to each letter as an entirety, the court properly ruled that the objections were good in part and bad in part, and the jury were then instructed "that no damage can be allowed in this case, even though they may find for the plaintiff, by reason of any seduction, and the letters are introduced under the issues only of a breach of promise of marriage, and any damages that might arise from that breach, if the jury find for the plaintiff." When the evidence was all in the court charged the jury upon the issues involved in the action for a breach of promise of marriage, and also charged that "Seduction or the consequences thereof is not an issue in this case. The evidence that has been admitted and laid before you should and must be considered by you only as it may have a bearing upon the questions or issues that I have charged you with reference to. You cannot find or consider any damages or aggravation of any damages in this case based upon alleged seduction or any consequences therefrom. No evidence introduced or admitted is admissible upon such an issue and was not so intended or allowed and should not prejudice you." No exceptions to evidence are prop-

erly presented that are not fully covered by the charges given, and there is nothing to indicate that the jury were not governed by the law, the charge of the court and the evidence in rendering a verdict for the plaintiff. At the former trial in which evidence of seduction was improperly admitted, the judgment was for $10,000, while the present judgment is for $5,000, which clearly indicates that the charge of the court was observed. The charge of the court that proof of criminal relations with any one of those named in a plea obviated any exception to a refusal of leave to amend the plea.

It does not appear that the amount of the verdict is excessive under any fair consideration of the evidence and the natural and ordinary consequences of the breach of promise found by the jury.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.