## ARBON v. BLYTH.

No. 3286.   Decided March 25, 1919.   (179 Pac. 979.)

1. BREACH OF MARRIAGE PROMISE—INSTRUCTION—DAMAGES. Instruction that plaintiff should be compensated for breach of marriage contract, and, if jury found breach, they should consider damages because of failure to secure advantageous marriage, and allow for injury to feelings and affections, mental suffering, humiliation, and mortification she had undergone, being entitled to sum which would place her in as good a position as if she had been married to defendant, was proper. (Page 155.)

2. BREACH OF MARRIAGE PROMISE—INSTRUCTION—DAMAGES—FINANCIAL CONDITION. Instruction that, if jury found for plaintiff, in assessing damages they should consider any evidence as to defendant's financial condition as tending to show any advantage that would have accrued to plaintiff had the contract been completed, was proper.   (Page 156.)

3. BREACH OF MARRIAGE PROMISE—EVIDENCE—WORTH OF DEFENDANT. In woman's suit for breach of marriage promise, defendant's testimony elicited by plaintiff as to worth of his realty at time of trial was not inadmissible as too remote from issue of worth at time of breach of promise, particularly where the defendant had been worth amount some years, and when cause of action arose.   (Page 157.)

Arbon v. Blyth, 54 Utah 153.

4. BREACH OF MARRIAGE PROMISE—EVIDENCE—FINANCIAL CONDITION OF DEFENDANT. As a general rule, in cases for breach of marriage promise, evidence of defendant's wealth and financial condition should be confined to the time of the breach. (Page 157.)

Appeal from the District Court of Box Elder County, First District; *Hon. J. D. Call*, Judge.

Suit by Margaret Arbon against John Blyth.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*B. C. Call* of Brigham, and *John G. Willis* of Ogden, for appellant.

*J. D. Murphy* of Ogden, and *A. B. Irvine* of Salt Lake City, for respondent.

### APPELLANT'S POINTS.

When the court instructed the jury to return a verdict for "pecuniary loss," and then instructed that she was entitled to damages for "disappointment for such reasonable expectations of an advantageous settlement in life, as she suffered," it erred to the injury of the defendant. *Coolidge* v. *Neat*, 129 Mass. 146-149; *U. S. Y. & T. Co.* v. *Monaghan*, 13 Ill. App. 148.

### RESPONDENT'S POINTS.

In many classes of cases, of which the case before us is one, the amount in money plaintiff is entitled to recover as compensation cannot be made mathematically certain, and therefore depends upon the "judgment" of the jury. 2d Sedgwick on Damages, Eighth Edition, section 373; *Waddell* v. *Wallace*, 121 Pac. 427.

WEBER, J.

Plaintiff instituted this suit in the lower court to recover damages for breach of contract of marriage. The case was tried before the court and a jury, and resulted in a judgment in favor of plaintiff. Defendant appeals.

The first assignment of error discussed in appellant's brief is that "the court erred in instructing the jury as was done in its instruction No. 9," said instruction being as follows:

"You are instructed that in this action, if your verdict is for the plaintiff, you should assess her damages at such a sum within the limits prayed for in the complaint as you find from all the evidence will, in your judgment, compensate her for her loss by reason of the breach, and in such event the plaintiff is entitled to a verdict not only for such pecuniary loss as the evidence may show she sustained, but she is entitled to damages for the disappointment of such reasonable expectations of an advantageous settlement in life as the evidence may show she sustained, and also for damages to compensate her for injury to her feelings and affections, mental sufferings, humiliation, and mortification, if any, she has undergone. She would be entitled to such a sum as would place her in as good a position presumably as she would have been in."

At the time it was given counsel for appellant took separate exception to each proposition contained in the instruction.

Assuming that the exceptions taken to the different parts of the instruction are a sufficient basis for assigning the whole as erroneous, we fail to perceive any error whether it be taken in its entirety or separated into its component propositions. While we do not commend the instruction as a model, yet it contains no inconsistencies, it mentions the various elements of damage, and every proposition therein set forth is a correct statement of the law on the subject. The court instructed the jury that plaintiff should be compensated for the breach of contract, and if they found a breach thereof they should, in estimating her pecuniary loss, consider the damages sustained because of her failure to secure an advantageous marriage, and in addition should allow her for injury to her feelings and

affections, suffering, humiliation, and mortification she had undergone. And as further elucidation of the subject of pecuniary loss the court informed the jury that she would be entitled to such a sum as would place her in as good a position financially as if she had been married to the appellant No rule can be stated that will measure damages in this class of cases with mathematical exactitude, and the amount to be allowed is peculiarly a question for the jury. In 9 C. J. 371, it is said:

> "In actions for breach of promise to marry, damages have never been limited to the rules governing actions on simple contracts for the payment of money, but plaintiff is entitled to recover such amount as will compensate her for the benefits lost or detriments suffered because of the breach, and the distress, mortification, mental suffering, and injury to her affections which she has undergone in consequence thereof."

The part of the instruction telling the jury that "she would be entitled to such a sum as would place her in as good a position presumably as she would have been in" could not have been taken by the jury as meaning anything else than that respondent's damages should be placed at such an amount as would place her in as good a position financially as she would have occupied if the promise had been fulfilled. The weight of authority supports this as being a proper instruction. 4 R. C. L. 156; *Mabin* v. *Webster*, 129 Ind. 430, 28 N. E. 863, 28 Am. St. Rep. 199; *Lawrence* v. *Cooke*, 56 Me. 187, 96 Am. Dec. 443.

Complaint is made of the following instructions:     2

> "If under the evidence and instructions of the court you find a verdict for plaintiff, in assessing her damages you should take into consideration any evidence which has been introduced as to defendant's financial condition as tending to show, if it does so show, the advantage that would have accrued to plaintiff if the contract, if any, had been completed by a marriage."

It is asserted that this instruction "advised consideration of approximate gain, not resulting loss, and hence is erroneous," and *Dent* v. *Pickens*, 34 W. Va. 240, 12 S. E. 698, 26 Am. St. Rep. 921, is cited in support of appellant's assignment of error. In *Dent* v. *Pickens* it is said:

> "The jury should take into consideration the rank and condition

of the parties, and the pecuniary standing' of the defendant, as tending to illustrate the advantage which the plaintiff would have secured by the marriage."

How could the jury estimate the respondent's loss without knowing what advantages might accrue to her by a marriage with the appellant? There was no other way to measure her loss than to estimate what she would have gained; what her advantage would have been as a rich man's wife.

In 41 L. R. A. (N. S.) at page 844, there is a collation' of cases under these heads:

(1) "Loss of benefits which the injured party might have derived from the union is an element to be considered"; (2) "and so loss of station to which marriage would have advanced plaintiff may be considered"; (3) "and loss of a permanent home and worldly advantage which might have been derived therefrom."

In the light of both reason and authority the instruction given was proper.

The third assignment of error urged by appellant is that the financial worth of the defendant was permitted to be the subject of inquiry over objection of appellant.     3, 4

Appellant was placed on the witness stand by respondent, and was interrogated as to real estate owned by him, and was asked to describe it and state its market value. He described the real estate owned by him at the time of the trial, told when he acquired it, and what it was worth at the time he testified, and also at the time the breach of promise occurred. From his evidence it appears that he was worth about $94,000 both at the time of trial and at the date of the breach of promise of marriage. The evidence of value of the property at the time of trial was not too remote, and besides he had been worth that much for some years and at the time the cause of action arose, as shown by his own testimony.

As a general rule evidence of wealth or financial condition in this class of cases should be confined to the time of the breach.   9 C. J. 357.   In this case, however, the appellant testified fully as to his property, and as he was worth as much financially when the cause of action accrued as he was at the time of trial, he could not possibly have been prejudiced by the court's rulings.

There being no error in the record, the judgment is affirmed at appellant's costs.

CORFMAN, C. J. ,and FRICK, GIDEON, and THUR-MAN, JJ., concur.